NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ROMAINE N. MOSLEY, <br><br> Plaintiff <br><br> v. <br><br> CUMBERLAND COUNTY JAIL, <br><br> Defendant | Civil No. 23-3643 (RMB/MJS) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint brought under 42 U.S.C. § 1983 (Docket No. 1) by *Pro Se* Plaintiff Romaine N. Mosley, who was a convicted and sentenced state prisoner at the time he filed his complaint. Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1-1), which establishes his financial eligibility to proceed without payment of the filing fee ("IFP App."), and the application will be granted. For the reasons discussed below, the Court will dismiss the complaint without prejudice.

## I.     SCREENING FOR DISMISSAL

When IFP status is granted to a plaintiff, the court must review the complaint and dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The standard of dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B) is the same as the standard for a motion to dismiss under Federal Rule 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) (quoting *Bell Atlantic*, 550 U.S. at 556).

## II.   DISCUSSION

### A.   The Complaint

Plaintiff alleges that he was unlawfully strip searched while confined in Cumberland County Jail between 2020 and 2022. (Compl., Dkt. No. 1.) The sole defendant to the complaint is Cumberland County Jail.

### B.   Elements of § 1983 Claim

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A jail is not an entity subject to liability under 42 U.S.C. § 1983. *See Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016)

(holding Lackawanna County Prison is not an entity subject to suit under § 1983). Therefore, the Court will dismiss the complaint without prejudice.

Even if a proper defendant had been named in the complaint, Plaintiff has not alleged sufficient facts to state a Fourth Amendment claim of unreasonable strip search. Not all strip searches performed on pretrial detainees are unreasonable. "Inmate search policies are constitutional if they 'str[ike] a reasonable balance between inmate privacy and the needs of the institutions.'" *Parkell v. Danberg*, 833 F.3d 313, 326 (3d Cir. 2016) (quoting *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1523 (2012)). Thus, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 326 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Plaintiff has not alleged sufficient facts for the Court to make this determination.

## III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice.

An appropriate Order follows. DATE: **January 30, 2024**

s/Renée Marie Bumb
Renée Marie Bumb
Chief United States District Judge